# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY T. ROBINSON,

    Plaintiff,

v.

    Case No. 19-2275-DDC-KGG

CAPITAL ONE BANK, NA,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Anthony T. Robinson's Motion for Leave to File First Amended Class Action Complaint (Doc. 18). Plaintiff filed this lawsuit under the Fair Credit Reporting Act ("FCRA") on June 4, 2019. Doc. 1. On August 28, 2019, defendant filed a Motion to Dismiss Plaintiff's Complaint, Dismiss Class Claims for Lack of Personal Jurisdiction, and Strike Plaintiff's Class Allegations. Doc. 14. On September 23, 2019, plaintiff filed a Motion for Leave to File First Amended Class Action Complaint. Doc. 18. Defendant didn't respond.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings in one of two ways: (1) as a matter of course within 21 days after serving it, or (2) within 21 days of service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)–(B). Outside of those periods, any amendment to the pleadings requires leave, and courts should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should refuse to grant leave to amend only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies [], or futility of

amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Here, plaintiff sought leave to amend on September 23, 2019. Plaintiff filed this motion more than 21 days after defendant filed its August 28, 2019 Motion to Dismiss and Motion to Strike (Doc. 14). So, plaintiff needs the court's leave to amend its pleading under Fed. R. Civ. P. 15(a)(2). Plaintiff has asked for leave to amend its complaint to "supplement his allegations in order to render some of the arguments raised by Capital One moot." Doc. 19 at 1.

Defendant didn't respond to plaintiff's motion. Under D. Kan. Rule 6.1(d), responses to non-dispositive motions must be filed and served within 14 days. And, under D. Kan. Rule 7.4, if a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. The court thus considers plaintiff's Motion for Leave (Doc. 18) as an uncontested one. Plaintiff argues that its proposed amended complaint is not designed to impose undue delay, that the amendments are not futile, and that the amendments will not unduly burden plaintiff. Doc. 19 at 3–4. Defendant filed no opposition refuting any of these arguments. The court thus grants plaintiff's Motion for Leave to File First Amended Class Action Complaint (Doc. 18). Under D. Kan. Rule 15.1(b), plaintiff has 14 days from the date of this Order to file his amended complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File First Amended Class Action Complaint (Doc. 18) is granted. Plaintiff has 14 days from the date of this Order to file an amended complaint (D. Kan. Rule 15(b)).

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Plaintiff's Complaint, Dismiss Class Claims for Lack of Personal Jurisdiction, and Strike Plaintiff's Class Allegations (Doc. 14) is denied without prejudice as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion for Extension of Time to File a Reply in Support of its Motions to Dismiss and Motion to Strike (Doc. 21) is denied without prejudice as moot.

**IT IS SO ORDERED.**

**Dated this 22nd day of October, 2019, at Kansas City, Kansas.**

<pre>
                                        s/ Daniel D. Crabtree
                                        Daniel D. Crabtree
                                        United States District Judge
</pre>