IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY T. ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 2:19-cv-02275-DDC-KGG |
| | ) |
| CAPITAL ONE BANK NA, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Capital One Bank (USA), N.A., incorrectly named as "Capital One Bank NA," ("Capital One") respectfully submits this Response to Plaintiff's Motion to Alter or Amend Judgment ("Motion") (ECF Nos. 43, 44).

**INTRODUCTION**

Plaintiff Anthony Robinson ("Plaintiff") decries that the Court supposedly "misapprehended" federal pleading standards and, hence, committed "clear error" when it dismissed Plaintiff's Second Amended Complaint ("Complaint") (ECF No. 26). According to Plaintiff, his obligation under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, to plead facts establishing that it is plausible Capital One accessed his credit report without a permissible purpose isn't really his obligation at all; rather, according to Plaintiff, that basic element of his claim is "really" Capital One's affirmative defense. He then asserts that the Court "erred" by imposing "a heightened pleading standard" which "required him to plead around" Capital One's supposed "affirmative defenses." In reality, however, the Court dismissed the Complaint because it aptly held that Plaintiff failed "to allege facts that, if proved true, would permit a reasonable factfinder to infer that [Capital One] acted without a permissible purpose." Plaintiff's Motion to Alter or Amend that judgment should be denied.

**ALLEGED FACTS AND PROCEDURAL HISTORY**

In what is the third iteration of his Complaint (ECF No. 26), Plaintiff alleges that he opened a credit card account ("Account") with HSBC Bank in 2007, that he paid the Account in full, and that he closed the Account with HSBC in 2009. (SAC ¶¶ 13-15.) Plaintiff further alleges that Capital One acquired the Account from HSBC three years later (in 2012) and "became the owner and servicer of the closed Account, which had a $0.00 balance since its June 2009 closure." (SAC ¶ 17.)

Plaintiff's Complaint then jumps ahead five years to April 2017, when he claims Capital One accessed his "Experian credit report," and then accessed it a number of other times between April 2017 and February 2018. (SAC ¶ 18.) Plaintiff alleges that at the time of these "credit pulls": (1) he "was not involved in any credit transaction with [Capital One]"; (2) he "did not provide consent or written instruction allowing [Capital One] to obtain or use his credit report"; (3) he "had not applied for employment with [Capital One]"; and (4) he "neither had nor intended to have any interaction with [Capital One] in connection with insurance." (SAC ¶¶ 24-27.) Thus, Plaintiff asserts—on "information and belief"—that the reason Capital One obtained his credit report on those dates was for the purpose of "account review"; and because he "had no account with [Capital One] after June 2009, [Capital One] had no lawful reason to 'review' his consumer report." (SAC ¶¶ 20-22.) Based on those allegations, Plaintiff claims that Capital One "willfully" violated FCRA Section 1681b by obtaining his credit report for a reason not permitted under the FCRA. (SAC ¶¶ 50-56.) And Plaintiff seeks to bring his claims not only for himself, but also on behalf of a putative nationwide class defined as: "All consumers whose consumer reports were obtained or used by Defendant during the applicable statute of limitations

after the consumer had paid off debts owed to Defendant and the account was closed." (SAC ¶ 43.)

In response, Capital One moved to dismiss Plaintiff's claims and strike his class allegations, arguing that: (1) Plaintiff failed to allege any injury-in-fact needed to establish Article III standing; (2) Plaintiff failed to state a claim that Capital One accessed his credit report for an impermissible purpose or that Capital One acted "willfully"; (3) the Court lacked personal jurisdiction over Capital One to adjudicate the claims of putative class members residing outside Kansas; and (4) the alleged class is overbroad. (ECF Nos. 28, 29.)

On September 30, 2020, the Court issued a Memorandum and Order ("Order") and resulting Judgment, dismissing Plaintiff's Complaint. (ECF. Nos. 41, 42.) The Court denied Capital One's motion to dismiss for lack of subject matter jurisdiction, concluding that Plaintiff had alleged "harm sufficiently concrete to enjoy standing under Article III"; and then granted Capital One's motion to dismiss for failure to state a claim, holding that Plaintiff failed "to allege facts that, if proved true, would permit a reasonable factfinder to infer that [Capital One] acted without a permissible purpose." (Order at 27.) Having dismissed Plaintiff's individual claims, the Court denied Capital One's motion to dismiss or strike Plaintiff's class claims as moot. (*Id.*)

Plaintiff now contends that the Court committed "clear error," and that it "misapprehended" fundamental federal pleading standards in dismissing his claims. But it certainly did not.

## QUESTION PRESENTED

Did the Court commit a "clear error" and thereby inflict a "manifest injustice" by holding that Plaintiff's Complaint fails to plead facts establishing a plausible claim that Capital One accessed his credit report without a permissible purpose and, thus, fails to state a claim for violation of FCRA Section 1681b?

## ARGUMENT

**The Court correctly held that Plaintiff's Complaint fails to state a plausible claim that Capital One violated the FCRA by obtaining his credit report for an impermissible purpose.**

In his Motion, Plaintiff argues that the Court should reconsider its Order because it supposedly committed "clear error" resulting in "manifest injustice." (Mot. at 1, 4-5.) That "error," according to Plaintiff, is that the Court supposedly "applied a heightened pleading standard … by requiring [Plaintiff] to plead around possible affirmative defenses in order to state a claim under the [FCRA]." (Mot. at 1.) But what Plaintiff calls an "affirmative defense" is actually a basic element of his claim; and what he calls a "heightened pleading standard" is nothing more than the pleading requirement elaborated by the Supreme Court more than a decade ago, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and applied consistently by courts to Section 1681b cases, like this one.

As this Court recognized, the FCRA expressly allows access to consumers' credit reports for a number of statutorily "permissible purposes." 15 U.S.C. §§ 1681b(a), (c). And precisely because an entity is legally authorized to access a consumer's credit report for a wide variety of reasons, to survive a motion to dismiss, a plaintiff asserting a Section 1681b claim "must allege facts capable of supporting a finding or inference that defendant pulled his credit report without a permissible purpose." Order at 25; *see also Thomas v. Financial Recovery Servs.*, No. EDCV 12-

4

1339 PSG OPX, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ("plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue"); *Perez v. Portfolio Recovery Assocs.*, No. CIV. 12-1603-JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) (Plaintiff must "aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose."). Accordingly, this Court and courts across the country have held that "(1) bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient, and (2) merely reciting each of the permissible circumstances and denying it applies is similarly inadequate." Order at 21-22 (footnotes omitted), *citing* Def.'s Mem. in Supp. of Mot. to Dismiss (ECF No. 29) at 4-5 (collecting cases).

Applying these pleading standards, grounded in *Twombly* and *Iqbal*, the Court correctly held that Plaintiff's Complaint fails to state an actionable claim. All Plaintiff has alleged (over three versions of his complaint) is that Capital One accessed his credit report, that some of the reasons that would have permitted its access don't exist, and that he "believes" Capital One obtained his credit report to "review" his closed Account. (SAC ¶¶ 20, 22, 24-27.) But Plaintiff doesn't allege a single *fact* supporting or establishing his "belief"—he just says he thinks that's what may have happened. (SAC ¶ 20.) As the Court aptly explained, "Plaintiff is certainly entitled to his beliefs, but the cases require more. … [P]laintiff must assert facts to support his belief"—which he failed to do. Order at 25, *citing Cunningham v. Nationwide Security Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *4 (N.D. Tex. Nov. 2, 2017) ("Although plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, 'he must support that belief with some factual allegations.'").

5

Not only has Plaintiff failed to allege any facts suggesting that it is "plausible" Capital One impermissibly obtained his credit report to review his closed Account, but the factual circumstances alleged actually belie plausibility. Plaintiff apparently claims—without any supporting facts—that Capital One impermissibly accessed his credit report to review a credit card account that Plaintiff opened 12 years ago with a different creditor (HSBC), that was closed 10 years ago with a $0 balance, and that Capital One allegedly acquired from HSBC in 2012, (SAC ¶¶ 14-17); and according to Plaintiff, five years after it acquired the Account (which, again, had been closed for years with a $0 balance), Capital One supposedly decided (for some reason) to start pulling Plaintiff's credit report so it could "review" that Account, and did so at random intervals unconnected to any regularly scheduled review, (SAC ¶¶ 18-20). Amid these alleged facts, Plaintiff doesn't allege why he "believes" that Capital One pulled his credit report to review his closed Account, much less facts supporting his "belief."[1]

Moreover, as the Court reasoned, the implausibility of Plaintiff's claim is only reinforced by the much more likely (and plausible) explanation—as indicated on Plaintiff's credit report—that Capital One permissibly made the inquiries at issue in connection with extending Plaintiff a

---

[1] Incidentally, even if Plaintiff had sufficiently alleged that Capital One accessed his credit report to review his closed Account, Plaintiff's claim would still fail. Simply put, "the FCRA does not prohibit a creditor such as [Capital One] from obtaining a credit report for the purpose of reviewing a closed credit card account." *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1278 (N.D. Cal. 2014); *see also Nichols v. Credit Union One*, No. 2:17-cv-2337-APG-EJY, 2020 WL 5821828, at *6 (D. Nev. Sept. 30, 2020) ("Nothing in the FCRA limits an account review to open accounts …."); *Banga v. Experian Info. Sols.*, No. 4:08-cv-4147-SBA, 2010 WL 11531066, at *2 (N.D. Cal. Mar. 17, 2010) (same); *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (Because Plaintiff alleges that "the intention behind Defendant's periodic request for Plaintiff's consumer report was merely to review his account, albeit an account that [was] closed," his claim fails since that purpose is permitted by Section 1681b(a)(3)(A)); *Riddle v. Portfolio Recovery Assoc., Inc.*, No. 12-82-DLB-JGW, 2014 WL 1252610, at *6 (E.D. Ky Mar. 26, 2014) (same); *Jacobs v. Sears, Roebuck and Co.*, No. 1:08-cv-3253-JTC, 2009 WL 10665736, at *7 (N.D. Ga. Aug. 19, 2009) (same).

firm credit offer.² Indeed, contrary to Plaintiff's allegation that the credit inquiries "were not labeled as promotional pulls by Experian," (SAC ¶ 19), Plaintiff's Experian credit report clearly states that the Capital One inquiries may have been made by a creditor "who want[s] to offer you preapproved credit," (ECF No. 29 Ex. A). *See Middlebrooks v. Sacor Fin., Inc.,* No. 1:17-CV-0679-SCJ-JSA, 2017 WL 8186719, at *4 (N.D. Ga. Aug. 28, 2017) (rejecting plaintiff's FCRA claim because the complaint's allegations suggested defendant had a permissible purpose); *Celestine v. Capital One*, 741 F. App'x 712, 715 (11th Cir. 2018) (affirming dismissal of plaintiff's FCRA claim because it contained "irrelevant factual allegations and legal conclusions blended together" that were directly contradicted by his credit report, indicating the credit inquiries at issue were associated with promotional offers of credit). Hence, as the Court correctly reasoned, Plaintiff "leaves unaddressed a permissible purpose for defendant's conduct as shown on plaintiff's credit history report … [a]nd he alleges no other facts from which to infer that defendant acted with an impermissible purpose." Order at 27.

---

² Although entirely irrelevant to his Motion, Plaintiff surmises it is somehow "telling" that Capital One's motion to dismiss "never once asserts the pulls were for promotional purposes." (Mot. at 8.) But it's not clear why Plaintiff believes Rule 12(b)(6) would allow Capital One to base its motion on such an "assertion," existing well outside Plaintiff's Complaint, or why he believes the Court could have considered it under the applicable standard of review. What Capital One was allowed to submit and what the Court could properly consider, however, is Plaintiff's Experian credit report, which supports the "assertion" that the credit inquiries were made for promotional purposes and flatly contradicts Plaintiff's allegation that Experian did not label them as promotional pulls, (SAC ¶ 19). (ECF No. 29 Ex. A.) Plaintiff also suggests it's fishy that Capital One chose to defend the third version of his Complaint instead of "simply" proving to him that his claims are wrong. (Mot. at 8.) Plaintiff even declares that this makes his mere "belief" that Capital One violated federal law "well founded." (*Id.*) But, of course, it doesn't—and also it ignores that the parties had been down that road before. Indeed, Plaintiff initiated this putative class action against Capital One based solely on his allegation that it impermissibly accessed his credit report one time in June 2017. (ECF No. 1.) When counsel for Capital One showed Plaintiff's counsel that the inquiry was made (permissibly) because Plaintiff had applied for credit from Capital One in June 2017, and then moved to dismiss Plaintiff's complaint (ECF No. 14, 15), Plaintiff did not respond by "dismissing the case" (Mot. at 8). Instead, he apparently rifled through his credit report, spotted other inquiries from Capital One, and claimed that those inquiries must be impermissible. But, not surprisingly, he cannot allege any facts supporting that claim either.

Plaintiff contends, however, that the purpose of Capital One's inquiries as stated on his credit report doesn't matter and that the Court erred by reasoning that it supports dismissal of the Complaint. He makes two arguments supporting that contention. First, Plaintiff argues (again) that because he "never had an account with Capital One that could possibly justify Capital One pulling his credit report," then "Capital One did not have *any* of the enumerated [permissible] purposes" under the FCRA. (Mot. at 2, emphasis in original.) Hence, Plaintiff suggests that he alleged enough to state a claim, despite what his credit report says and despite the fact that it flatly contradicts his allegations. But as this Court correctly held, "defendant's right to access plaintiff's credit report [] does not depend on the existence of a debtor/creditor relationship. And since a creditor's right to access a credit report does not necessarily depend on the existence of a debtor/creditor relationship, the absence of such a relationship does not rule out the possibility of a permissible purpose." Order at 24; *see also Tuck v. Portfolio Recovery Assocs., L.L.C.*, No. 19-CV-1270-CAB-AHG, 2019 WL 5212392, at *6 (S.D. Cal. Oct. 16, 2019) (plaintiff's allegation that he "never had any business dealings or accounts with defendants" was insufficient to support a Section 1681b claim because a credit report can be accessed without a consumer's permission for other permissible purposes); *Perez*, 2012 WL 5373448, at *2-3 ("[N]o part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done for permissible purposes."); *Perretta* v. *Capital Acquisitions & Mgmt. Co.*, No. C-02-05561-RMW, 2003 WL 21383757, at *5 n.7 (N.D. Cal. May 5, 2003) (The FCRA does not require "the existence of a debtor-creditor relationship for a party to lawfully acquire a consumer report.").

Second, Plaintiff argues that his failure to allege facts supporting his claim that Capital One's access was impermissible and his failure to account for the reasons permitting that

8

access—particularly the most obvious one—do not defeat his Complaint, because it's up to Capital One to plead and prove that it had a permissible purpose. Thus, according to Plaintiff, the Court erred because it purportedly required him to "plead around" these supposed "affirmative defenses." (Mot. at 1, 3, 5-9.) But under Plaintiff's argument, he could state an actionable claim that Capital One violated the FCRA for accessing his credit report without a permissible purpose by just alleging that Capital One accessed his credit report—leaving Capital One (and all other users of credit reports) to plead and then prove after discovery that it had a permissible purpose. But that's not the law.[3] Plaintiff knows it's not the law.[4] And none of his cited authority holds that it is. (Mot. at 1, 6-7.)[5]

---

[3] *See, e.g.*, *Cunningham*, 2017 WL 10486988, at *4 ("To assert a violation of the FCRA, a plaintiff must allege (1) that there was a 'consumer report,' (2) that defendant used or obtained the report, (3) without a permissible purpose, and (4) that defendant acted negligently or willfully."); *Baker v. Ward*, No. CIV-20-006-R, 2020 WL 2104952, at *3 (W.D. Okla. May 1, 2020) (same).

[4] *See* Pl.'s Opp. to Def.'s Mot. to Dismiss (ECF No. 37) at 6 ("To state a claim for civil liability under Section 1681b, a plaintiff must allege [] that the defendant used or obtained his credit report for an impermissible purpose …."), *citing Bently v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 287 (D. Conn. 2015).

[5] Specifically, Plaintiff cites three cases (*id.*), none of which is "controlling law," *Moral v. Grant County Sheriff*, No. 09-CV-1230-EFM, 2010 WL 4630435, at *1 (D. Kan. Nov. 8, 2010) ("a motion for reconsideration is appropriate where the court misapprehended … the controlling law"), *aff'd*, 424 F. App'x 803 (10th Cir. 2011). In *Durbin v. Americredit Financial Services, Inc.*, No. 1:19-CV-0184-GNS, 2020 WL 3087016, at *2-3 (W.D. Ky. June 10, 2020), defendants actually *conceded* in their motions to dismiss that the "inquiries in question had no 'permissible purpose,'" but argued that they reasonably believed they had one and "therefore did not willfully or negligently violate the FCRA." In *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir. 2019), the court held that the plaintiff—unlike Plaintiff here—had "pleaded facts sufficient to give rise to a reasonable inference that [defendant] obtained her credit report for an unauthorized purpose." And in *Daniel v. Equable Ascent Financial, LLC*, No. 14-2627, 2015 WL 10739402, at *1 (6th Cir. Sept. 16, 2015), the court affirmed the *dismissal* of plaintiff's complaint, where she alleged facts and attached her credit reports indicating that defendant, a debt buyer, had pulled her credit as "a potential investor … in connection with the valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation"—an expressly enumerated permissible purpose. *Id.*, *quoting* 15 U.S.C. § 1681b(a)(3)(E). As the district court explained in dismissing her claim, plaintiff "pin[ned] her case on the erroneous assumption that debt buyers may not obtain her credit report for the purpose of informing their decision as to whether to purchase her debt." *Daniel*, No. 2:14-cv-11117, 2014 WL 5420058, at *2 (E.D. Mich. Oct. 22, 2014). Thus, none of these case is "controlling law," and none of them supports Plaintiff's argument that he's relieved of his

Thus, contrary to Plaintiff's contention, the requirement to plausibly allege that defendant's credit inquiry lacked a permissible purpose is not an affirmative defense; the Court did not "require" Plaintiff to "plead around" any affirmative defense; and the Court did not apply some "heightened pleading standard" to Plaintiff's claims. Rather, the Court correctly held that Plaintiff failed "to allege facts that, if proved true, would permit a reasonable factfinder to infer that [Capital One] acted without a permissible purpose," and properly dismissed the Complaint (Order at 27.) Plaintiff's Motion to reconsider that Order should be denied.

## CONCLUSION

For these reasons, Defendant Capital One Bank (USA), N.A. respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment.

DATED this 25th day of November 2020.

    Respectfully submitted,

    CAPITAL ONE BANK (USA), N.A.

By: /s/  Anna-Katrina S. Christakis
    Jeffrey D. Pilgrim
    (IL Bar No. 6270435 – *Admitted pro hac vice*)
    Anna-Katrina S. Christakis
    (IL Bar No. 6242675, KS Dist. Crt. No. 78842)
    Pilgrim Christakis LLP
    321 North Clark Street, 26th Floor
    Chicago, Illinois 60654
    Telephone: (312) 939-0923
    Email: jpilgrim@pilgrimchristakis.com
          kchristakis@pilgrimchristakis.com

    Joshua C. Dickinson (KS Bar No. 20632)
    Spencer Fane LLP
    1000 Walnut, Suite 1400
    Kansas City, Missouri 64106
    Telephone: (816) 474-8100
    ATTORNEYS FOR DEFENDANT

---

obligation to plead facts establishing that Capital One obtained his credit report without a permissible purpose because it's "really" Capital One's burden to prove that it had one.

## **CERTIFICATE OF SERVICE**

      Anna-Katrina S. Christakis, an attorney, certifies that on November 25, 2020, she electronically filed the foregoing **Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment** with the Clerk of the Court using the NextGen CM/ECF system, which will send notification to all counsel of record.

                                                      /s/ Anna-Katrina S. Christakis