### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY T. ROBINSON,**<br><br>       Plaintiff**,**<br><br>**v.**<br><br>**CAPITAL ONE BANK NA,**<br><br>       Defendant**.** | **Case No. 2:19-cv-02275-DDC-KGG**<br><br>**Class Action** |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
### MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Anthony T. Robinson ("Mr. Robinson" or "Plaintiff"), through undersigned counsel, respectfully submits this Reply in Support of the Motion to Alter or Amend Judgment. ECF No. 43.

### REPLY TO INTRODUCTION

Defendant's opposition illustrates why the burden shifting framework outlined in *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019) is important. ECF No. 44 at 6. The reality is that the only Party with knowledge as to why Plaintiff's consumer report was pulled, is the Defendant. Requiring Plaintiff, who never had an account with Capital One, to plead the inapplicability of every possible permissible purpose in order to state a claim is more than required by the Federal Rules.

Accordingly, Plaintiff asks the Court to reconsider the dismissal of his complaint for alleged failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### REPLY TO ARGUMENT

The salient issue is whether the FCRA plaintiff needs to *plead* around every permissible

1

purpose and every affirmative defense prior to discovery. This distinction was not lost on the Ninth Circuit. *Nayab supra* at 493 ("it is important to note that the burden of pleading (i.e. who bears the burden of pleading a fact)—not the ultimate burden of production or persuasion—is at issue."). *Nayab* decided, at the motion to dismiss stage, that the Plaintiff does not have this burden. *Id*. Additionally, the *Nayab* court held that the burden should fall on the FCRA defendant to plead that they used or obtained a consumer report for a permissible purpose. *Id*. at 495 ("Capital One, as the defendant, has the burden of pleading it had an authorized purpose to acquire Nayab's credit report.").

Again, this is not a new theory in consumer protection cases. Plaintiff's opening Memorandum cited to various cases involving the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). ECF No. 44 at 5. To state a claim under the TCPA a plaintiff must plead that "(1) [Defendant] called plaintiff's cellular telephone; (2) using an [automatic telephone dialing system]; (3) without plaintiff's prior consent." *Hampton v. Barclays Bank Delaware*, No. 18-cv-4071-DDC/ADM, 2019 WL 4256371, at *5 (D. Kan. Sept. 9, 2019). Although the absence of prior consent is an element of the claim, the fact that a TCPA defendant *had* consent is an affirmative defense which the TCPA plaintiff does not have to plead around. *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1149 (N.D. Ill. 2014); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof.") (collecting cases).

And that framework is applicable to Plaintiff's FCRA claim, as established by the *Nayab* court. Specifically, in FCRA cases it is not unusual for the 'belief' that the FCRA defendant did not have a permissible purpose to be all that a plaintiff has prior to discovery.

> It also makes sense that such pleading should be sufficient. Many facts relevant to a FCRA claim, such as details of the furnisher's investigation, are not easily

available to a consumer without discovery. Indeed, the Third Circuit has implicitly recognized that simply pleading on information and belief that an investigation was unreasonable is sufficient.

*Gatanas v. American Honda Finance Corp.*, No. 20-cv-7788, 2020 WL 7137854, at *3 fn. 4 (D.N.J. Dec. 7, 2020) (citing *Berkery v. Verizon Communications, Inc*., 658 Fed.Appx. 172, 175 (6th Cir. 2016)) (internal citation removed). This case is a perfect example of why the burden should fall to Capital One and not Plaintiff as Plaintiff did not have a Capital One account and is not in a position to know why Capital One pulled his credit report (14 times).

Which is why the framework of *Nayab* works. Importantly, Defendant's opposition barely mentions the *Nayab* opinion even though Capital One is the defendant in that case and Plaintiff's Rule 59(e) motion is based on it. In ignoring *Nayab*, Capital One ignores entirely the appropriateness of charging the party with the most knowledge for their behavior to plead why they pulled a credit report. Simply, Plaintiff does not have additional information at this stage of the case to identify for what reason Capital One used or obtained his credit report except to allege that he did not have an account with Capital One and the report could not have been for an account review.

When the complaint is as complete as the Plaintiff can reasonably make it, that is enough to survive threshold dismissal. Plaintiff's mantra has been that Defendant is the party who knows the reason why it pulled Plaintiff's Experian report.

Of course, Defendant takes issue with Plaintiff's description that the pulls were not labeled as promotional. Plaintiff's description comes from counsel's experience that other consumer reporting agencies will separate out each pull with a description of what those pulls were for. For example, on differently formatted reports a consumer reporting agency will describe the individual pulls as account reviews or promotional inquiries, all under the broad umbrella of "soft pulls" or

3

"soft inquiries." That did not happen on Plaintiff's Experian credit report. Instead, Experian placed an introductory paragraph at the beginning of the soft inquiry section explaining that every pull below the introductory paragraph could be for one of several different purposes. If Capital One cannot be bothered to articulate its purported purpose in the credit report, it follows that Plaintiff should not be left to base allegations on guesswork.

To be clear, it is not that the report's summary explanation that is dispositive, it's just that the summary does not identify which of the pulls are subject to which of the occurrences for permissibly using or obtaining a credit report. Consequently, without discovery Plaintiff is—unlike Capital One—completely in the dark as to which purpose applies to which inquiry.

As an aside, in a footnote Capital One submits some cases supposedly supporting the proposition that a creditor can continue to look at a former customer's consumer report after an account is closed. This argument has been rejected before.  As stated by *Pulliam*,

> American Express argues only that a creditor 'cannot be held liable for improper access where, as here, the plaintiff currently has *or had* at one time, an account' with the creditor. In other words, if a consumer ever had an account with a creditor, that creditor has a right under the FCRA, no matter what the circumstances, to access the consumer's report. **That is not so**. As an initial matter, the statute does not grant creditors the right to access the consumer report of a consumer with a closed account simply by virtue of the fact that the consumer had an open account at some point in time.

*Pulliam v. American Exp. Travel Related Services, Co., Inc*., No. 08-cv-6690, 2009 WL 1586012, at *3 (N.D. Ill. June 4, 2009) (emphasis added; internal citation removed). Additionally, that position is not responsive to Plaintiff's claim. Plaintiff is claiming that not only was the account closed, but it was also paid in full. Were the account not paid in full, the matter would be entirely different because the debtor/creditor relationship with the lender would still exist.

Therefore, unless Defendant used or obtained Plaintiff's credit report for the purpose of offering him a promotional offer of credit, their pull was unlawful. *Godby v. Wells Fargo Bank,*

*N.A.*, 599 F. Supp. 2d 934, 942 (S.D. Ohio 2008).  Once again, Capital One has refused to advise if the reports were pulled for promotional purposes even when Plaintiff offered to dismiss the case if that was so.  Thus the reasonable reference is there was no promotional purpose and no permissible purpose.

Finally, Defendant's remaining arguments are not well taken. Specifically, Defendant argues it would be inappropriate to handle this type of issue on a Rule 12 motion[1] and that if the Court follows the framework outlined by *Nayab*, Plaintiff would be granted a discovery period that he is not entitled to. *See* ECF No. 47 at 9 (". . . leaving Capital One (and all other users of credit reports) to plead and then prove after discovery that it had a permissible purpose.").

As to the first issue, Defendant chose to file a motion under Rule 12, when a Rule 56 motion would have been just as appropriate. A motion for summary judgment would have also allowed Defendant to bring to bear other information in its possession which would show why Plaintiff's report was pulled. The fact that the parties were before the Court on a Rule 12 motion is an occurrence of Defendant's making—not Plaintiff's. Capital One could have filed a motion for summary judgment, presented its evidence, and if the pulls turned out to actually be permissible, then that would be the end of the matter. Instead, they strategically attack the sufficiency of Plaintiff's complaint, which is as complete as Mr. Robinson can make it. Relatedly, a Rule 56 motion out the gate would narrow the issues for discovery, which Defendant is apparently more concerned about. *See* ECF No. 47 at 9. Once again Plaintiff offered to dismiss the case if Capital One would produce evidence the 14 pulls were for promotional purposes such that there would not have been the need to brief the motion to discuss or engage in any formal discovery.

Therefore the need for discovery on Plaintiff's Section 1681b(f) claim is real because, as

---

[1] "But it's not clear why Plaintiff believes Rule 12(b)(6) would allow Capital One to base its motion on such an 'assertion,' existing well outside Plaintiff's Complaint" ECF No. 47 at 7 fn.2.

outlined above, Mr. Robinson does not know why his report was pulled 14 times without information solely within Capital One's possession

Ultimately, what Plaintiff knows in this case is that he did not have an account with Capital One and did not initiate a business transaction with Capital One sufficient to justify pulling his consumer report once let alone fourteen times. Neither did he give Capital One permission to use or obtain his consumer report. These facts, combined with the lack of clarity in Plaintiff's Experian report, give rise "to a reasonable inference" that Capital One obtained The Federal Rules do not require Plaintiff to plead facts "that are peculiarly within the opposing party's knowledge." *Nayab*, 942 F.3d at 493; see also *Durbin v. AmeriCredit Financial Services, Inc.*, 466 F. Supp. 3d 743, 749–50 (W.D. Ky. June 10, 2020). Nonetheless that is what the Court is requiring Mr. Robinson do. Thus, Plaintiff's motion should be granted and the Court should reconsider its Order granting Defendant's motion to dismiss (ECF No. 41).

## REPLY TO CONCLUSION

**ACCORDINGLY**, Mr. Robinson prays the Court grant this motion and set aside its Order (ECF No. 41) and Judgment (ECF No. 42) dismissing this action, and grant Plaintiff any other and further relief this Court deems just and proper.

*Respectfully submitted*,

By: /s/ Matthew S. Robertson
Michael H. Rapp            #25702
A.J. Stecklein             #16330
Matthew S. Robertson       #27254
Stecklein & Rapp Chartered
748 Ann Ave
Kansas City, KS 66101
Telephone:    (913) 371-0727
Facsimile:    (913) 371-0727
Email: mr@kcconsumerlawyer.com
       aj@kcconsumerlawyer.com
       msr@kcconsumerlawyer.com

6

        Keith J. Keogh    *pro hac vice*
        Keogh Law, Ltd.
        55 W. Monroe Street, Suite 3390
        Chicago, IL 60603
        Telephone:  (312) 726-1092
        Facsimile:  (312) 726-1093
        Email: keith@keoghlaw.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I certify that on December 18, 2020, I caused a copy of the foregoing document to be filed with the Clerk of the Court using CM/ECF, which caused all counsel and parties to be served via email.

        */s/* Matthew S. Robertson
        Attorney for Plaintiff