IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY T. ROBINSON,**

    **Plaintiff,**

v.

**CAPITAL ONE BANK (USA), N.A.,**

    **Defendant.**

Case No. 19-2275-DDC-KGG

**MEMORANDUM AND ORDER**

The dispute emerges from plaintiff Anthony Robinson's class action lawsuit against defendant Capital One Bank (USA), N.A. alleging violations of the Fair Credit Reporting Act (FCRA). *See* Doc. 26 (Second Am. Compl.). Now before the court is plaintiff's Motion to Alter or Amend Judgment (Doc. 43) and a Memorandum in Support (Doc. 44).

Plaintiff asserts that the court—in its Memorandum and Order (Doc. 41) granting in part defendant's Motion to Dismiss—committed "clear error" because it "adopted and applied a heightened pleading standard to" plaintiff's Second Amended Complaint. Doc. 44 at 1. He reasons that this "heightened pleading standard" is "manifestly unjust" because it "essentially requires [p]laintiff to anticipate and defeat affirmative defenses based on information solely in the [d]efendant's possession, which is not something that [Fed. R. Civ. P. 8] requires." *Id.*; *see also id.* at 4 ("Questions Presented").

Defendant filed a Response (Doc. 47) and asserts that the court "did not apply some 'heightened pleading standard'" but, instead, "correctly held that [p]laintiff failed 'to allege facts that, if proved true, would permit a reasonable factfinder to infer that [defendant] acted without a permissible purpose,' and properly dismissed the Complaint[.]" Doc. 47 at 10 (quoting Doc. 41

at 27). Defendant asserts that "what [p]laintiff calls an 'affirmative defense' is actually a basic element of his claim; and what he calls a 'heightened pleading standard' is nothing more than the pleading requirement elaborated by the Supreme Court more than a decade ago[.]" *Id.* at 4 (first citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff filed a Reply (Doc. 48) addressing defendant's argument and reiterating plaintiff's theory of clear error.

The court agrees with defendant. Plaintiff's arguments fall short for two reasons. *First*, they do not apply controlling law, but rather offer plaintiff's view of what controlling law should be. *Second*, they are arguments that plaintiff raised or could have raised in the underlying briefs. The court explains below why his arguments cannot support a motion under Fed. R. Civ. P. 59(e). But first, the court recites the procedural background and the legal standard governing plaintiff's motion.

## I.     Procedural Background

Plaintiff filed a Second Amended Complaint (Doc. 26) in his class action lawsuit alleging defendant violated the Fair Credit Reporting Act (FCRA). Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint, Dismiss Class Claims for Lack of Personal Jurisdiction, and Strike Plaintiff's Class Allegations (Doc. 28). The court granted defendant's motion in part, and denied it in part. *See* Doc. 41 at 27–28. The court denied the motion in part because the court concluded that plaintiff had standing under Article III to assert his claim. *Id.* at 17–18. But more relevant to plaintiff's now-pending Motion to Alter or Amend Judgment is the court's decision to grant in part the Motion to Dismiss for failure to state a claim. *Id.* at 27.

The court now reviews the legal standard governing the Motion to Alter or Amend Judgment before the court.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment. "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* at 1703 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). The time for filing a Rule 59(e) motion "is short—28 days from entry of the judgment, with no possibility of an extension." *Id.*; *see also* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(b)(2).

Grounds warranting a motion under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). When ruling on Rule 59(e) motions, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703 & n.2.

The court now applies this standard to plaintiff's motion.

## III. Discussion

Plaintiff objects to the court's application of what he calls a "heightened" pleading standard. Doc. 44 at 1. But, in fact, plaintiff claims foul because the court did not provide his FCRA claims special treatment as several courts outside our Circuit have. Guided by controlling Tenth Circuit precedent, the court applied the pleading standard that the Supreme Court articulated in *Twombly* and *Iqbal*. *See* Doc. 41 at 18–19; *see also* Doc. 41 at 27 (quoting *Christy*

3

*Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009)).[1] Neither plaintiff's Motion (Doc. 43) nor his Memorandum in Support (Doc. 44) nor his Reply (Doc. 48) mention either of those seminal Supreme Court cases or our Circuit's decisions applying them.

Instead, plaintiff asserts that by imposing a pleading standard that required him to plead around defendant's affirmative defenses, the court erred because plaintiffs "in the Tenth Circuit are not required to plead around affirmative defenses." Doc. 44 at 5 (citing *Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0039 JB/SCY, 2015 WL 3543011, at *38 (D.N.M. May 26, 2015)); *see also* Doc. 44 at 4 (submitting that this motion presents the question "[w]hether [p]laintiff is required to anticipate and defeat an affirmative defense to FCRA liability as part of the pleading requirements of Rule 8 . . . ."). Plaintiff's Memorandum in Opposition (Doc. 37) to defendant's Motion to Dismiss mentioned nothing about affirmative defenses or burden-shifting pleading frameworks. Now he raises novel arguments in his Motion to Alter or Amend Judgment that he could have raised in his briefing on the Motion to Dismiss.

Plaintiff suggests that the court broke from Tenth Circuit law by erroneously requiring plaintiff to plead around defendant's affirmative defenses. *See* Doc. 44 at 4–5. But plaintiff fails to explain how an affirmative defense is in play. Plaintiff previously explained that "[t]o state a claim for civil liability under Section 1681b, a plaintiff must allege . . . that the defendant used or obtained his credit report for an impermissible purpose . . . ." Doc. 37 at 6; *see also Baker v. Ward*, No. CIV-20-006-R, 2020 WL 2104952, at *3 (W.D. Okla. May 1, 2020) (citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002) *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)).

---

[1] The court notes that plaintiff's Memorandum in Opposition (Doc. 37) to the Motion to Dismiss cited this standard. *See* Doc. 37 at 6 (quoting *Al-Owhali v. Holder*, 687 F.3d 1236, 1239–40 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678)).

4

Until now, plaintiff treated an impermissible purpose as an element of the FCRA cause of action that he asserted. Doc. 37 at 6. Plaintiff now judo-throws that element on its head, asserting that a "permissible purpose" is an affirmative defense for the defendant to plead. But a plaintiff's failure to plead an element of his cause of action is not an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1348–49 (11th Cir. 1988) (rejecting "the erroneous proposition that lack of possession is an affirmative defense" where possession "is an integral element of" the claim and "therefore is a necessary part of the . . . prima facie case" because a "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"); *compare* Fed. R. Civ. P. 8(a) ("Claim for Relief"), *with* Fed. R. Civ. P. 8(b) ("Defenses; Admissions and Denials"), *with* Fed. R. Civ. P. 8(c) ("Affirmative Defenses"). And the case that plaintiff cites for the rule that he need not plead around affirmative defenses defines "affirmative defense" consistent with this distinction. *See Anderson Living Tr.*, 2015 WL 3543011, at *39 n.20 (noting that an "'affirmative defense' is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true'" (quoting Black's Law Dictionary (10th ed. 2014))).

Plaintiff need not plead around affirmative defenses, but the court's applied pleading standard didn't require him to. Instead, it required him to "allege facts capable of supporting a finding or inference that" he can satisfy an element of the cause of action—*i.e.*, "that defendant pulled his credit report without a permissible purpose." Doc. 41 at 25. Plaintiff's incantations about affirmative defenses complain of an error that the court didn't make.

Nor did the court err by not treating an element of plaintiff's cause of action like an affirmative defense. Plaintiff asserts that the court should apply that treatment because other courts outside our Circuit have done so. As the court explains below, his argument is based on

5

authority that is not controlling, and it should have emerged in the motion to dismiss briefing way back when. It thus is not appropriate on a Rule 59(e) motion. *See Banister*, 140 S. Ct. at 1703 & n.2.

The court recognizes that any litigant would prefer lower hurdles on the litigation track. But plaintiff fails to show that controlling law provides that easier pleading path for his FCRA claim. He concedes that "the Tenth Circuit has yet to examine this issue[.]" Doc. 44 at 5. And he offers cases from outside our Circuit that "examined this issue and found in favor of" his position. *Id.* at 5–6 (first citing *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019); then citing *Daniel v. Equable Ascent Fin., LLC*, No. 14-2627, 2015 WL 10739402, at *1 (6th Cir. Sept. 16, 2015)); *see also id.* at 7 (quoting *Durbin v. AmeriCredit Fin. Servs., Inc.*, 466 F. Supp. 3d 743, 749–50 (W.D. Ky. 2020)). But Rule 59(e) does not provide litigants an encore performance designed to persuade the court to adopt a new legal rule based on authority existing for their earlier turn. *See Servants of Paraclete*, 204 F.3d at 1012; *see also Banister*, 140 S. Ct. at 1703 & n.2; *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

The phrasing of plaintiff's arguments reveals them as misfit for this procedural context. *See, e.g.*, Doc. 44 at 7 (asserting that "this [c]ourt *should adopt* the pleading framework of the Ninth Circuit's *Nayab* opinion" (emphasis added)). Plaintiff's Reply makes explicit that his "Rule 59(e) motion is based on [*Nayab*]." Doc. 48 at 3. Plaintiff's reliance on *Nayab* offers scant support for his theory that the court misapprehended *controlling* law about pleading.

The court's decision not to embrace *Nayab*'s analysis on the pleading issue—analysis which plaintiff's Memorandum in Opposition (Doc. 37) to the Motion to Dismiss did not discuss—provides no basis for granting plaintiff's Rule 59(e) motion.[2] Opinions from federal

---

[2] In his Memorandum in Opposition (Doc. 37) to the Motion to Dismiss, plaintiff discussed *Nayab* only to support his arguments about Article III standing. *See* Doc. 37 at 15–16. Plaintiff notes correctly

courts of appeals and district courts outside of the Tenth Circuit do not bind the court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in . . . a different judicial district . . . ." (citation and internal quotation marks omitted)); *Rife v. Jefferson*, 742 F. App'x 377, 386 (10th Cir. 2018) (noting that "the decisions of one circuit court of appeals are not binding upon another circuit" (citation and internal quotation marks omitted)).

The cases plaintiff discusses, *see* Doc. 44 at 6–7, are not "controlling law" here, *see Servants of Paraclete*, 204 F.3d at 1012. His briefs' exploration of non-binding caselaw that stand for an approach to FCRA "pleading framework" that plaintiff reckons the court "should adopt" underscores that plaintiff moves under Rule 59(e) to object not to a misapprehension of controlling law, but to the court's decision not to adopt his preferred view of what Tenth Circuit law *should* be. That's not sufficient under Fed. R. Civ. P. 59(e). The court did not commit clear error by choosing not to embrace plaintiff's preferred out-of-circuit caselaw. *See Hale v. Emporia State Univ.*, No. 16-4182-DDC, 2020 WL 7770929, at *3 (D. Kan. Dec. 30, 2020) ("A

---

that the court relied on *Nayab* when analyzing the Article III standing issue. Doc. 44 at 6. But he identifies no clear error in the court's decision to find persuasive a case's analysis of one issue while finding unpersuasive that case's analysis of a separate and unrelated issue. The court notes that *Nayab* also approached the two issues as distinct questions. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019) (noting that the "case presents two issues of first impression for" the Ninth Circuit). While the Ninth Circuit panel agreed that that plaintiff met Article III's requirements for standing, the panel divided sharply over the proper treatment of the impermissible purpose element of FCRA claims. *See id.* at 503 (Rawlinson, J., concurring in part and dissenting in part) ("[A]lthough [plaintiff] had standing to assert her claim, I respectfully, but emphatically, disagree with the conclusion that she stated a plausible claim.").

The *Nayab* majority distinguished *Twombly* and *Iqbal* on the ground that "[n]either . . . dealt with a plaintiff who had stated a *prima facie* case in the complaint but had failed to also negative each possible affirmative defense." *Id.* at 497. But Judge Rawlinson's separate opinion asserted that the majority's "attempt to distinguish *Twombly* and *Iqbal* simply begs the question by presupposing that a *prima facie* case has been stated." *Id.* at 502 (Rawlinson, J.) (citing *Iqbal*, 556 U.S. at 678). Judge Rawlinson concluded in dissent that "[m]easuring the allegations in [*Nayab*] against the *Twombly/Iqbal* standard reveals a patent lack of adequate pleading." *Id.* at 501.

court does not commit clear error merely by reaching a conclusion different than the one plaintiff prefers.").

Nor did the court err by applying the case law that does control in our Circuit. The court applied the *Twombly*/*Iqbal* pleading standard to plaintiff's claims. *See* Doc. 41 at 18–19; *see also* Doc. 41 at 27 (quoting *Christy Sports, LLC*, 555 F.3d at 1192). Plaintiff's filings offer no explanation why the court erred in doing so. Plaintiff does not even mention those cases. The court did not misapprehend the facts, a party's position, or the controlling law in its application of the *Twombly*/*Iqbal* pleading standard to plaintiff's Complaint. So, the court denies plaintiff's Motion to Alter or Amend Judgment.

## IV.     Conclusion

Plaintiff asserts that the court committed clear error producing manifest injustice by subjecting plaintiff's claims to the controlling pleading standards in our court. Plaintiff asserts that the court misapplied Fed. R. Civ. P. 8(a) by requiring the Complaint to plead around affirmative defenses. But plaintiff fails to show that what he terms "affirmative defenses" are anything more than his failure to allege facts capable of supporting a finding or reasonable inference that he would meet an element of the FCRA cause of action he sues under. Plaintiff points to cases decided by courts outside our Circuit who have altered pleading rules for FCRA claims by reinterpreting the failure to plead an element of the cause of action as an affirmative defense. Since those cases are not controlling, the court's decision not to adopt their views was not clear error.

In sum, the court did not misapprehend the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. It simply found unpersuasive some non-binding

8

caselaw that plaintiff has come to fancy since briefing the issue and applied the controlling law in this Circuit. Neither provides a basis for granting a motion under Rule 59(e).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Alter or Amend Judgment (Doc. 43) is denied.

**IT IS SO ORDERED.**

**Dated this 2nd day of February, 2021, at Kansas City, Kansas.**

>     **s/ Daniel D. Crabtree**
>     **Daniel D. Crabtree**
>     **United States District Judge**